[No. 6,398.]

## DOUGHERTY v. HARRISON ET AL.

STREET IMPROVEMENT—EVIDENCE—BURDEN OF PROOF—PRESUMPTION.—In an action upon a street assessment, it appeared that, ten days before the order of the Board of Supervisors directing the clerk to advertise for bids, written objections were filed by the owners of more than one-half in frontage of the lots fronting on the improvement. *Held*, that under the 1st section of the Act of 1863—relating to street improvements in San Francisco—such written objections displaced the *prima facie* proof of regularity made by the warrant, assessment, and diagram, and threw upon the plaintiff the burden of showing that the bar effected by the objections had been removed.

APPEAL from an order denying the plaintiff a new trial, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

*J. C. Bates*, for Appellant.

*E. B. & J. W. Mastick*, and *Cowdery & Preston*, for Respondents.

Department No. 2, THORNTON, P. J. :

There is but one question in this case. Within the proper time after the resolution of intention was passed, (which was for grading a street in the City of San Francisco) the owners of more than one-half in frontage of the lots fronting on the proposed work, delivered to the Clerk of the Board of Supervisors, written objections to grading the street. The Board disregarded these objections, and proceeded with the work.

The first section of the Act of 1863 (see Acts of 1863, pp. 525-6,) under which the proceedings in this case were had, amending section four (4) of a former act, provides : " That the owners of more than one-half in frontage of the lots and lands fronting on the work proposed to be done," etc., " may make written objections to grading," etc. ; such objections shall be delivered to the Clerk of said Board of Supervisors, who " shall indorse thereon the date of reception by him, and such objections so indorsed shall be a bar to any further proceedings in relation to said grading for a period of six months, unless

the owners aforesaid shall sooner petition for said grading to be done; *provided*, that when one-half or more of the grading of any street lying between two main street-crossings has been already performed, the Board of Supervisors may order the remainder of such grading to be done, notwithstanding the objections of any property owners."

In this case, the six months had not elapsed. The Board of Supervisors passed the resolution of intention on the 28th of February, 1870; the objections of the property owners above referred to were received and indorsed on the 4th of March, 1870; and ten days afterward, on the 14th of the month last named, the Board, by resolution, ordered the Clerk to advertise for sealed proposals to perform the work of grading. The property owners had not, after filing objections, petitioned that the work of grading should be done.

It does not appear that the condition of matters mentioned in the proviso quoted above existed; but it is contended that it should be presumed that it did exist, inasmuch as the Board went on to have the work done, notwithstanding the objections of the property owners on file. But we cannot so hold, in opposition to the strong language of the provisions of the Act of the Legislature cited, that such objections of the property owners as were delivered, indorsed, and filed in this case, should be a bar to further proceedings in relation to the grading for six months. In our opinion, this bar must be held to exist, unless it should appear by some evidence that the bar had been removed, either by a petition of the property owners or by the existence of a state of things expressed in the proviso. The protest or written objections of the property owners introduced in evidence displaced the *prima facie* proof of regularity made by the warrant, assessment, and diagram introduced by plaintiff, and threw upon him (the plaintiff) the burden of showing that the bar effected by the objections on file had been removed. The bar existing, the proceedings subsequent thereto were irregular and illegal.

We do not consider that any question arises herein on the proceedings commenced in 1869, inasmuch as in our opinion those proceedings were abandoned, and a new work commenced

under the resolution of intention referred to herein, adopted on the 28th of February, 1870.

The motion for a new trial was properly denied, and the order denying it is affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.